Schindler, J.
¶29 (dissenting) — I agree the prosecutor’s argument was improper and prejudicial but disagree with *198 the conclusion that the resulting prejudice could have been neutralized by a curative instruction.
¶30 This case turned on witness credibility. A.B. testified that her stepbrother Smiley sexually abused her. Smiley testified and denied sexually abusing A.B.
¶31 At the beginning of closing argument, the prosecutor told the jury, “The real question, the only question that I suspect you will be talking about in the jury room is whether or not these acts of sexual intercourse and sexual contact actually occurred.”
¶32 After addressing the instructions defining “sexual contact,” the prosecutor states the only evidence of whether sexual contact occurred was the testimony of A.B.
So, back to the question of did these acts occur? What’s your evidence? Well, as you may have guessed way back during jury selection, and now that you have heard the evidence, it’s [A.B.]. Your evidence is [A.B.] and her testimony.
¶33 The prosecutor argued the testimony of A.B. “is enough for proof beyond a reasonable doubt” and the instructions on the law did not require corroboration.
So your evidence is [A.B.] telling you what happened to her, and that, ladies and gentlemen, is enough.
That is enough for proof beyond a reasonable doubt. Nothing more is required. You will not find anywhere in these instructions — and these instructions are the law that apply in this case — you will not find here that you have to find something else in addition to [A.B.] ’s testimony. There’s nothing that says there needs to be corroborating evidence of any kind, some kind of physical evidence, some kind of eyewitness, that is not required. The law does not require it.
¶34 The prosecutor then told the jury, “If the system did work that way,” the State could not bring charges in the majority of sex abuse cases and hold “sexual abusers responsible.”
If the system did work that way, kids would have to be told, we’re sorry, we can’t prosecute your case, we can’t hold your *199 abuser responsible because all we have is your word, and that’s not enough. No one’s going to believe a kid or a teen, and we need something else. We don’t do that. That’s not how the system works.
If the law required that additional evidence, we couldn’t prosecute so many of these cases, the majority of these cases. We couldn’t hold the majority of sexual abusers responsible. We couldn’t hold [A.B.J’s abuser responsible. So the law doesn’t require it. All you need is someone telling you it happened, and if you believe that person, if you believe [A.B.], that’s enough, you are satisfied beyond a reasonable doubt of the defendant’s guilt.
¶35 The defense attorney argued the vague allegations and inconsistent testimony of A.B. did not support the charges.
So, again, there’s a lot of inconsistencies about [A. BJ’s allegations.
And again, what’s very, very important is these are the allegations, these are the statements that the prosecutor says, that’s our case. Our case, from what the prosecutor has said, are these statements, and these statements, again, are vague, inconsistent, and they’re not credible.
The defense attorney argued the jury should not disregard Smiley’s testimony. “You also heard Bryce testify that he did not commit any of these allegations. He did not have any sexual contact with his stepsister.”
¶36 In rebuttal, the prosecutor reiterated that if the jury did not convict, the State “could never hold so many people responsible for abusing children.”
One of the main points of defense counsel’s argument, again, is that there is nothing else here except [A.B.] ’s testimony. And I keep telling you, of course, that it doesn’t matter. It doesn’t matter. And I am going to tell you again, it doesn’t matter.
If you follow through with defense counsel’s argument and reasoning, there’s nothing beyond [A.BJ’s allegations. The State has nothing to show you, no physical evidence. [A.B.] was *200 examined and there was no evidence. If you follow through with that, we could never hold so many people responsible for abusing children. It would be that system that I referenced in my initial closing, where we’d have to tell the kids, sorry, because there’s nothing corroborating, because there’s nothing confirming what you are telling us, we can’t prosecute, we can’t hold your abuser responsible, and that is not the way that it is, folks. It is not. That is not our system. We don’t need anything else. The law doesn’t require it. Our system doesn’t require it.
¶37 The prosecutor’s argument that the jury instructions on the law do not require corroboration is not improper. But telling the jury that if they demand corroboration and do not convict, children will not be protected and the State “could never hold so many people responsible for abusing children” is a flagrant and ill-intentioned argument designed to appeal to fear and the passion and prejudice of the jurors.
¶38 Prosecutorial misconduct may deprive a defendant of his constitutional right to a fair trial. In re Pers. Restraint of Glasmann, 175 Wn.2d 696, 703-04, 286 P.3d 673 (2012) (plurality opinion). The prosecutor does not represent the victims in a criminal trial. RPC 3.8 cmt. 1. A prosecutor is a quasi-judicial officer who has a duty “ ‘to act impartially in the interest only of justice.’ ” State v. Monday, 171 Wn.2d 667, 676 n.2, 257 P.3d 551 (2011) (quoting People v. Fielding, 158 N.Y. 542, 547, 53 N.E. 497 (1899)).
¶39 Arguments intended to incite fear are irrelevant and inflammatory and an improper appeal to passion and prejudice. In re Pers. Restraint of Cross, 180 Wn.2d 664, 724-25, 327 P.3d 660 (2014); Glasmann, 175 Wn.2d at 704; 1 Am. Bar Ass’n, Standards for Criminal Justice std. 3-5.8(c) (2d ed. 1980)). The comments to the Standards emphasize the significance and the force and effect of a prosecutor’s argument:
The prosecutor’s argument is likely to have significant persuasive force with the jury. Accordingly, the scope of argument must be consistent with the evidence and marked by the *201 fairness that should characterize all of the prosecutor’s conduct. Prosecutorial conduct in argument is a matter of special concern because of the possibility that the jury will give special weight to the prosecutor’s arguments, not only because of the prestige associated with the prosecutor’s office but also because of the fact-finding facilities presumably available to the office.
Standards std. 3-5.8 cmt.
¶40 The prosecutor’s argument in this case was a blatant attempt to appeal to the fear of the jurors and sway the jurors to convict in order to protect children and hold sexual abusers accountable. In the context of the issues in the case and the theme of the prosecutor’s closing argument, there is a substantial likelihood that the prosecutor’s flagrant and ill-intentioned statements affected the verdict, and I would reverse.
Review denied at 186 Wn.2d 1031 (2016).